Anton N. Handal (Bar No. 113812)
anh@handal-law.com
Gabriel G. Hedrick (Bar No. 220649)
ghedrick@handal-law.com
Lauren G. Kane (Bar No. 286212)
lkane@handal-law.com
HANDAL & ASSOCIATES
750 B Street, Suite 2510
San Diego, CA  92101
Tel: (619) 544-6400
Fax: (619) 696-0323

Attorneys for Plaintiff
ANZA TECHNOLOGY, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Anza Technology, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Edge-Core Networks Corporation and SMC Networks, Inc., <br><br> Defendants. | Case No.  **'16CV1267 AJB  BLM** <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Anza Technology, Inc. ("Anza" or "Plaintiff"), by and through its undersigned counsel, complains and alleges against Edge-Core Networks Corporation ("Edge-Core") and SMC Networks, Inc. ("SMC") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, 35 U.S.C. § 101, *et seq.*, including,

-1-

*COMPLAINT*

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

without limitation, 35 U.S.C. §§ 271, 281.  Plaintiff Anza seeks a preliminary and permanent injunction and monetary damages for patent infringement.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq.*

3. Venue properly lies within the Southern District of California pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).  On information and belief, Defendants conduct substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering to sell the infringing products and/or by conducting other business in this judicial district.  Furthermore, Plaintiff is informed and believes that Defendants engage in business in this district, and that Plaintiff has been harmed by Defendants' conduct, business transactions and sales in this district.

4. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants maintain their United States headquarters and offices at 20 Mason, Irvine, California.  Defendant SMC is also registered to do business in the State of California.  Also, Plaintiff is informed and believes that Defendants transact continuous and systematic retail business within the State of California and the Southern District of California. This Court has personal jurisdiction over the Defendants because Plaintiff is informed and believes that these Defendants' infringing activities, including, without limitation, the making, using, selling and/or offers for sale of infringing products occur in the State of California and the Southern District of California.  In particular, Defendants are selling their infringing products to customers within the Southern District through national and California-based websites such as asipartner.com, synnex.com, avnet.com, cdw.com, tamayatech.com, memory4less.com, and tessco.com, among others.  Finally, this Court has personal jurisdiction over Defendants because, on

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-2-

*COMPLAINT*

information and belief, Defendants have made, used, sold and/or offered for sale its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Southern District of California.

5. Upon information and belief, certain of the products manufactured by or for Defendants have been and/or are currently designed and/or offered for sale by Defendants through an in-house sales and marketing team operating in California.

## PARTIES

6. Plaintiff Anza is a corporation organized and existing under the laws of the State of California with an office and principal place of business at 4121 Citrus Avenue, Suite 4, Rocklin, California 95677. Anza is a designer, manufacturer and seller of bonding tools; ESD tools and other products directed to the manufacture and assembly of electronics, in particular the bonding of electrostatic-sensitive devices.

7. Upon information and belief, Edge-Core is a corporation organized and existing under the laws of Taiwan, with a principal place of business at 1, Creation Rd. 3, Hsinchu Science Partk, Hsinchu, 30077, Taiwan, R.O.C. and a principal place of business for U.S. operations at 20 Mason, Irvine, California.

8. Upon information and belief, SMC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 20 Mason, Irvine, California.

## THE ACCUSED PRODUCTS

9. The Defendants' accused products for purposes of the asserted patents include but are not limited to its electronics hardware products that utilize integrated circuit chips that were manufactured and mounted on printed circuit boards using a "flip chip" bonding process, sold under the "Edge-Core," "SMC,"

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-3-

*COMPLAINT*

1  and/or "SMC Networks" brands or as manufactured and sold under other brands
2  (the "Accused Products").

3      10.   Plaintiff is informed and believes and thereupon alleges that
4  Defendants design, manufacture and/or assemble or import products that depend
5  on high density integrated circuit ("IC") chips that are manufactured and mounted
6  on printed circuit boards using a "flip chip" bonding process that require special
7  electrostatic discharge ("ESD") handling in the Accused Products' assembly
8  process.

9      11.   Plaintiff is informed and believes and thereupon alleges that
10 Defendants specify that their Accused Products are manufactured and/or assembled
11 to certain standards of ESD controls as published by ANSI, JEDEC, the IEC and/or
12 the ESDA.

## THE ASSERTED PATENTS

14     12.   On October 24, 2006, the United States Patent and Trademark Office
15 ("USPTO") duly and legally issued United States Patent No. 7,124,927 B2 entitled
16 "FLIP CHIP BONDING TOOL AND BALL PLACEMENT CAPILLARY" ("the
17 '927 patent"). Steven F. Reiber is the patent's sole named inventor and Plaintiff is
18 owner, by assignment, of the entire right, title and interest in and to the '927 patent
19 and vested with the right to bring this suit for damages and other relief. A true and
20 correct copy of the '927 patent is attached hereto as Exhibit "A."

21     13.   On June 24, 2008, the USPTO duly and legally issued United States
22 Patent No. 7,389,905 B2 entitled "FLIP CHIP BONDING TOOL TIP" ("the '905
23 patent"). Steven F. Reiber is the patent's sole named inventor and Plaintiff is
24 owner, by assignment, of the entire right, title and interest in and to the '905 patent
25 and vested with the right to bring this suit for damages and other relief. A true and
26 correct copy of the '905 patent is attached hereto as Exhibit "B."

## COUNT ONE
## INFRINGEMENT OF THE '927 PATENT BY DEFENDANTS

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-4-

*COMPLAINT*

14. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 12 above.

15. Defendants have knowledge of infringement of the '927 patent since at least the filing of this complaint.

16. The Accused Products utilize a flip chip bonding technique during manufacture and/or assembly. Flip chip bonding is used for packaging and mounting integrated circuit devices utilized in the Accused Products utilizing dissipative materials during handling so as to reduce ESD damage.

17. Flip chip bonding in the manner described in claim 16 of the '927 patent has become the standard for mounting ESD-sensitive devices in order to decrease parasitic resistance, inductance, and capacitance. The method of claim 16 of the '927 patent to reduce damage to ESD-sensitive devices is reflected in a number of manufacturing standards, including, *e.g.*, the ANSI ESD S20.20 standard. By way of example, the ANSI standard specifies that current state of the art manufacturing techniques involving ESD-sensitive devices require the use of tools that utilize dissipative materials, i.e., materials that ANSI defines as having a resistance value between $1 \times 10^4$ and $1 \times 10^{11}$ ohms surface or volume resistance. Such specification from the standard is within the range set forth in the '927 patent. Plaintiff believes and alleges that other applicable ESD standards require substantially similar resistance values.

18. Plaintiff is informed and believes and thereon alleges that Defendants manufacture and assemble the Accused Products, or contract with others to manufacture and assemble the Accused Products, in compliance with one or more of these ESD standards.

19. In addition, Plaintiff is informed and believes and thereon alleges that during manufacture and assembly of the Accused Products, Defendants and/or their contractors, utilize conductive adhesives, such as solder, as packaging interconnects. These packaging interconnects are formed over the wafer in the

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-5-

*COMPLAINT*

1 form of bumps or balls, spherical in shape, which bumps are electrically and
2 thermally conductive. The packaging interconnects – or solder balls – are heated
3 and pressed against die or substrate pads to form a conductive bump or contact
4 point between the die and the flex.

5     20.   In addition, Plaintiff is informed and believes and thereon alleges that
6 the Accused Products use chipsets that utilize mounting systems, including but not
7 limited to ball grid array(s) that are susceptible to damage resulting from ESD.
8 Following proper manufacturing techniques, the Defendants use assembly tools
9 that feature the infringing dissipative and resistive technology taught by the
10 Asserted Patents.

11    21.   The Accused Products, alone or in combination with other products,
12 directly or alternatively, under the doctrine of equivalents, therefore infringe each
13 of the limitations of independent claim 16 of the '927 patent in violation of 35
14 U.S.C. § 271(g) when Defendants import into the United States or offer to sell,
15 sell, or use within the United States a product which is made by the processes
16 described above.

## COUNT TWO

### INFRINGEMENT OF THE '905 PATENT BY DEFENDANTS

19    22.   Plaintiff re-alleges and incorporates by reference each of the
20 allegations set forth in paragraphs 1 through 12 above.

21    23.   Defendants have knowledge of infringement of the '905 patent since
22 at least the filing of this complaint.

23    24.   The Accused Products utilize a flip chip bonding technique during
24 manufacture and/or assembly. Flip chip bonding is used for packaging and
25 mounting integrated circuit devices utilized in the Accused Products utilizing
26 dissipative materials during handling so as to reduce ESD damage.

27    25.   Flip chip bonding in the manner described in claims 53 and 55 of the
28 '905 patent has become the standard for mounting ESD-sensitive devices in order

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-6-

*COMPLAINT*

to reduce parasitic resistance, inductance, and capacitance. The methods of claims 53 and 55 of the '905 patent are reflected in a number of manufacturing standards, including, *e.g.*, the ANSI ESD S20.20 standard. By way of example, the ANSI standard specifies that the current state of the art manufacturing techniques involving ESD sensitive devices utilize tools with dissipative materials, i.e., materials that ANSI defines as having a resistance value between $1 \times 10^4$ and $1 \times 10^{11}$ ohms surface or volume resistance. Such specification from the standard is within the range set forth in the '905 patent. Plaintiff believes and alleges that other applicable ESD standards require substantially similar resistance values.

26. Plaintiff is informed and believes and thereon alleges that Defendants manufacture and assemble the Accused Products or contracts with others to manufacture and assemble the Accused Products in compliance with one or more of these ESD standards.

27. In addition, Plaintiff is informed and believes and thereon alleges that Defendants manufacture and assemble the Accused Products utilizing conductive adhesives per the method described by claim 53 and 55 of the '905 patent. Conductive adhesive, such as solder, is used as packaging interconnects in the Accused Products. The packaging interconnects are formed over the wafer in the form of bumps or balls, spherical in shape, which bumps are electrically and thermally conductive. The packaging interconnects – or solder balls – are heated and pressed against die or substrate pads to form a conductive bump or contact point between the die and the flex.

28. In addition, Plaintiff is informed and believes and thereon alleges that the Accused Products use chipsets that utilize mounting systems, including but not limited to ball grid array(s) that are susceptible to damage resulting from ESD. Following proper manufacturing techniques, the Defendants use assembly tools that feature the infringing dissipative and resistive technology taught by the Asserted Patents.

*HANDAL & ASSOCIATES*
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-7-

*COMPLAINT*

29. The Accused Products, alone or in combination with other products, directly or alternatively under the doctrine of equivalents infringe each of the limitations of independent claims 53 and 55 of the '905 patent in violation of 35 U.S.C. § 271(g) when Defendants import into the United States or offer to sell, sell, or use within the United States a product which is made by the processes described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. That Defendants have infringed the Patents-in-Suit;

2. Compensation for all damages caused by Defendants' infringement of the Patents-in-Suit to be determined at trial;

3. A finding that this case is exceptional and an award of reasonable attorneys fees pursuant to 35 U.S.C. § 285;

4. Granting Plaintiff pre-and post-judgment interest on its damages, together with all costs and expenses; and,

5. Awarding such other relief as this Court may deem just and proper.

HANDAL & ASSOCIATES

Dated: May 26, 2016         By:   */s/ Gabriel G. Hedrick*
                                  Gabriel G. Hedrick
                                  Attorneys for Plaintiff
                                  Anza Technology, Inc.

///

///

///

///

///

*COMPLAINT*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims.

                                        HANDAL & ASSOCIATES

Dated: May 26, 2016        By:    */s/ Gabriel G. Hedrick*
                                                Gabriel G. Hedrick
                                                Attorneys for Plaintiff
                                                Anza Technology, Inc.

**HANDAL & ASSOCIATES**
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-9-

*COMPLAINT*